By the Court :
The proofs, in this case, do not support the allegations of the-bill, which are denied by the answer. No case of fraud or mistake is made out. The only witness present when the contract-was made supports the- answer fully. Upon reading his deposition, it seems to us impossible to come to any other conclusion than that the whole transaction was conducted with the utmost fairness. This conclusion is not affected by other proofs, as we understand them.
. The counsel f or the complainant have cited many authorities, as to the interpretation of contracts and the testimony admissible to explain them when written. But these can have no bearing in this court. The court of law was open to hear them, and a court of equity does not take upon itself to correct the errors of a court of law, if any are committed. In the present case, we do not perceive wherein the court of law erred. By the contract King was entitled to the stipulated compensation, upon either of two-contingencies. If the judgment was reversed he was entitled; if *the judgment was affirmed and he succeeded, for Spencer, in a subsequent suit, he would have been entitled. The first contingency occurred, and his claim to the stipulated sum became *167 perfect, unless the contract itself could have been impeached for fraud or mistake. That is not done here, and if it were so impeached in the trial at law, it does not appear to us; if it did we could not rehear the cause. The bill must be dismissed.